IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  GEORGE H. ASKEW,
2.  ROMELL E. BULLOCK,
3.  GREGORY A. COLLINS,
4.  GEORGE A. GADDY,
5.  DELBERT J. GARDNER,
6.  RICHARD W. JOHNSON,
7.  SHEPS H. KHAMSAHU,
8.  ERIC LUGO,
9.  LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

        Defendants.

___

**INDICTMENT**

**Maintaining Drug-Involved Premises**
(21 U.S.C. § 856(a)(1) and (2) and (b))
**Possession with Intent to Distribute Cocaine**
(21 U.S.C. § 841(a)(1) and (b)(1)(A),(B), and (C))
**Prohibited Person in Possession of Firearm**

1

(18 U.S.C. §§ 922(g)(1) and 924(a)(2))
**Possession of Firearm in Furtherance of Drug Trafficking Felony**
(18 U.S.C. § 924(c))
**Possession with Intent to Distribute Marijuana**
(21 U.S.C. § 841(a)(1) and (b)(1)(D))
**Conspiracy to Distribute Cocaine**
(21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A),(B), and (C))
**Conspiracy to Maintain Drug-Involved Premises**
(21 U.S.C. §§ 846 and 856(a)(1) and (2) and (b))
**Aiding and Abetting**
(18 U.S.C. § 2)

---

The Grand Jury Charges:

## COUNT ONE
**Possession with Intent to Distribute More than 28 Grams of Crack Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(B)

On or about March 17, 2009, within the State and District of Colorado, the defendant,

**GEORGE H. ASKEW**,

knowingly distributed and possessed with intent to distribute more than 28 grams of a substance and mixture containing a detectable amount of cocaine base (also known as "crack cocaine"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT TWO
**Prohibited Person in Possession of Firearm**
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about March 17, 2009, within the State and District of Colorado, the defendant,

**GEORGE H. ASKEW**,

knowingly possessed a firearm which had been transported in interstate commerce, having been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2, Possession of Weapon by Prohibited Person.

### COUNT THREE
**Using a Residence for the Purpose of Distributing Controlled Substance**
21 U.S.C. § 856(a)(1) and (2) and (b)

On or about March 17, 2009, within the State and District of Colorado, the defendant,

**GEORGE H. ASKEW,**

knowingly used a place, to wit: the residence known as 3701 E. 29th Avenue, Denver, Colorado, for the purpose of distributing quantities of a mixture and substance containing a detectable amount of cocaine base (also known as "crack cocaine"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1) and (2) and (b), Maintaining drug-involved premises.

### COUNT FOUR
**Possession of Firearm in Furtherance of Drug Trafficking Felony**
18 U.S.C. § 924(c)

On or about March 17, 2009, within the State and District of Colorado, the defendant,

**GEORGE H. ASKEW,**

knowingly possessed a firearm in furtherance of a felony drug trafficking crime for which he could be prosecuted in a court of the United States, to wit: knowingly to use and maintain a drug involved premises in violation of Title 21 U.S.C. § 856 (a)(1) and (2) and (b)(1), and knowingly possessing with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine base, a Schedule II controlled substance commonly known as "crack cocaine," in violation of Title 21 U.S.C. § 841(a)(1) and (b).

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(I), Possessing a firearm in furtherance of drug trafficking felony offense.

### COUNT FIVE
**Possession with Intent to Distribute Crack Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about June 18, 2009, within the State and District of Colorado, the defendant,

**DELBERT J. GARDNER,**

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine base (also known as "crack cocaine"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT SIX
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about March 12, 2010, within the State and District of Colorado, the defendant,

**ERIC LUGO**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**COUNT SEVEN**
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

On or about April 14, 2010, within the State and District of Colorado, the defendant,

**ERIC LUGO**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c) and Title 18, United States Code, Section 2.

**COUNT EIGHT**
**Prohibited Person in Possession of Firearm**
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about October 30, 2010, within the State and District of Colorado, the defendant,

**DARRELL R. PARKER**,

knowingly possessed a firearm and ammunition which had been transported in interstate commerce, having been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2, Possession of Weapon by Prohibited Person.

**COUNT NINE**
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about January 29, 2009, within the State and District of Colorado, the defendant,

**CALVIN R. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance and intentionally did aid, abet, and cause the same.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TEN
### Prohibited Person in Possession of Firearm
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about July 10, 2009, within the State and District of Colorado, the defendant,

**CALVIN R. RILEY**,

knowingly possessed a firearm and ammunition which had been transported in interstate commerce, having been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2, Possession of Weapon by Prohibited Person.

## COUNT ELEVEN
### Maintaining Drug-Involved Premises
21 U.S.C. § 856(a)(1) and (2) and (b)

Between on or about April 7, 2010, and on or about July 30, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY,**

knowingly used a place, to wit: the residence known as 2331 Pontiac Street, Denver, Colorado, for the purpose of distributing quantities of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1) and (2) and (b), Maintaining drug-involved premises.

### COUNT TWELVE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about April 7, 2010, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT THIRTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 6, 2010, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance..

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)©.

### COUNT FOURTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 26, 2010, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a

detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT FIFTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about July 14, 2010, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT SIXTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about March 31, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT SEVENTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about April 8, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT EIGHTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about April 13, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT NINETEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 12, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 20, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY-ONE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about June 3, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY-TWO
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

On or about June 30, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c) and Title 18 Section 2.

### COUNT TWENTY-THREE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about July 14, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**COUNT TWENTY-FOUR**
**Possession with Intent to Distribute Marijuana**
21 U.S.C. § 841(a)(1) and (b)(1)(D)

On or about July 14, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).

**COUNT TWENTY-FIVE**
**Possessing Firearm in Furtherance of Drug Trafficking Felony Offense**
18 U.S.C. § 924(c)

On or about July 14, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY,**

knowingly possessed a firearm in furtherance of a federal felony drug trafficking crime, to wit: knowingly to use and maintain a drug involved premises, the residence known as 2331 Pontiac Street, Denver, Colorado, in violation of Title 21 U.S.C. § 856 (a)(1) and (2) and (b)(1).

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(I), Possessing a firearm in furtherance of drug trafficking felony offense.

**COUNT TWENTY-SIX**
**Possession with Intent to Distribute More than 500 grams of Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(B)
18 U.S.C. § 2

On or about June 12, 2007, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly distributed and knowingly possessed with intent to distribute more than 500 grams of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance and intentionally did aid and abet the same.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.

**COUNT TWENTY-SEVEN**
**Conspiracy to Distribute more than 5 Kilograms of Cocaine**
21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)
18 U.S.C. § 2

Between on or about January 1, 2005 and on or about June 12, 2007, within the State and District of Colorado and elsewhere, the defendant,

**COREY L. RILEY**,

knowingly agreed with Z.A. and other persons to the Grand Jury known and unknown knowingly to possess with intent to distribute and knowingly to distribute more than five kilograms of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance, and intentionally did aid, abet, and cause the same.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2, Conspiracy to distribute more than five kilograms of cocaine.

### COUNT TWENTY-EIGHT
**Prohibited Person in Possession of Firearm**
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about February 13, 2009, within the State and District of Colorado, the defendant,

**JAMES R. SWITZER**,

knowingly possessed a firearm and ammunition which had been transported in interstate commerce, having been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2.

### COUNT TWENTY-NINE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about January 28, 2010, within the State and District of Colorado, the defendant,

**CLIFFORD M. WRIGHT**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) .

### COUNT THIRTY
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about February 19, 2010, within the State and District of Colorado,  the defendant,

**CLIFFORD M. WRIGHT**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**COUNT THIRTY-ONE**
**Conspiracy to Use and Maintain Drug-Involved Premises**
21 U.S.C. §§ 846 and 856(a)(1) and (2) and (b)

Between on or about January 1, 2005, and on or about September 30, 2011, within the State and District of Colorado, the defendants,

> 2. **ROMELL E. BULLOCK,**
> 3. **GREGORY A. COLLINS,**
> 4. **GEORGE A. GADDY,**
> 7. **SHEPS H. KHAMSAHU,**
> 9. **LAWRENCE T. MARTIN,**
> 10. **JOHNIE A. MYERS,**
> 12. **CALVIN R. RILEY,**
> 13. **COREY L. RILEY, and**
> 14. **THOMAS A. SCHRAH, JR.,**

knowingly agreed with one another and with others, to the Grand Jury known and unknown, to maintain and to use a place, to wit: premises informally known as the Hell's Lovers Motorcycle Club clubhouse, for the purpose of using and distributing quantities of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and quantities of a substance and mixture containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 856(a)(1) and (2) and (b), and *Pinkerton v. United States*, 328 U.S. 640 (1946)(*Pinkerton* liability for the reasonably foreseeable conduct of co-conspirators), Conspiracy to use and maintain drug-involved premises.

## COUNT THIRTY-TWO
**Using and Maintaining Drug-Involved Premises**
21 U.S.C. § 856(a)(1) and (2) and (b)
**Aiding and Abetting**
18 U.S.C. § 2

Between on or about January 1, 2005, and on or about December 30, 2011, within the State and District of Colorado, the defendants,

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

knowingly maintained and used a place, to wit: premises informally known as the Hell's Lovers Motorcycle Club clubhouse, for the purpose of using and distributing quantities of a substance and mixture containing a detectable amount of marijuana, a Schedule I controlled substance, and quantities of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and intentionally aided and abetted another to maintain and use said premises for the purposes of using and distributing Schedule I and a Schedule II controlled substances.

All in violation of Title 21, United States Code, Section 856(a)(1) and (2) and (b), and Title 18, United States Code, Section 2, Maintaining drug-involved premises, and aiding and abetting another to do so.

## FORFEITURE ALLEGATION
## 18 U.S.C. § 3665

1.  The allegations contained in Counts One through Thirty-Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 3665 and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of the violations alleged in Counts One through Thirty-Two of this Indictment, each such defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 3665 any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and in all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, to wit:

(A) Firearms;

(B) Approximately $16,500.00 in cash;

(C) Currency;

(D) Ammunition.

3.  If any of the property described above, as a result of any act or omission of the defendants:

   a)   cannot be located upon the exercise of due diligence;

   b)   has been transferred or sold to, or deposited with, a third party;

   c)   has been placed beyond the jurisdiction of the Court;

   d)   has been substantially diminished in value; or

16

    e)  has been commingled with other property which

      cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

            A TRUE BILL:

             Ink signature on file  in the Clerk's Office  
            GRAND JURY FOREPERSON

JOHN F. WALSH  
United States Attorney

*s/ Guy Till*  
By: GUY TILL  
Assistant United States Attorney  
United States Attorney's Office  
District of Colorado  
1225 17th Street, Suite 700  
Denver, CO 80202  
Telephone: (303) 454-0100  
Fax: (303) 454-0409  
Guy.Till@usdoj.gov

17