IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE T. MARTIN,

    Defendant.

## ORDER OF DETENTION

    This matter was before the Court for an arraignment, discovery and detention hearing on February 14, 2012. Assistant United States Attorney Guy Till represented the government, and Tom Hammond represented the Defendant. The Defendant contested detention.

    The Court has concluded, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of persons or the community, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

    DATED and ENTERED this 15th day of February, 2012, in Denver, Colorado.

                                    BY THE COURT:

                                    S/Michael E. Hegarty
                                    Michael E. Hegarty
                                    United States Magistrate Judge

United States v. Lawrence T. Martin
Case No. 12-cr-00010-MSK

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and
## REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)　[t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)　the weight of the evidence against the person;

(3)　the history and characteristics of the person, including –

　　(A)　the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

　　(B)　whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)　the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the pretrial services report, and the evidence produced and comments of counsel at the hearing. Weighing the statutory factors set forth

in the Bail Reform Act, I find the following:

First, the Indictment which has issued in this case charges Defendant with a violation of 21 U.S.C. §§ 846 and 856(a)(1), (2) and (b), Conspiracy to Use and Maintain Drug-Involved Premises. The presumption of detention applies here.

Second, I note that in light of the Indictment in this case, probable cause exists to sustain the charges brought against Defendant.

Third, I find by clear and convincing evidence that Defendant represents a risk to other persons or the community. The testimony in this case reasonably leads to the conclusion that Defendant was previously the local President (and is currently a lifetime member) of the Hell's Lovers Motorcycle Club, an organization that engages in physical punishment resulting in serious bodily harm against persons (usually members) who, for whatever reason, are not in good stead with the club. At the detention hearing, Special Agent Cole of the ATF testified that his investigation revealed the Defendant had personally engaged in such conduct. In connection therewith, the Government raised a concern that the confidential informants in this case, when disclosed in discovery, are in danger of retaliation based on the group's discipline philosophy.

In addition, Special Agent Cole testified that the local club regularly engaged in parties (at which Defendant was present) which involved drug use and the presence of weapons. The Government alleged Defendant's personal knowledge of narcotics distribution. Significant amounts of cocaine and marijuana were involved in the underlying drug conspiracy. It is a reasonable inference that as President of the local club, Defendant assented to, supported and enforced the policies and activities of the club. Moreover, Defendant has a prior drug felony conviction.

In his favor, Defendant alleged without dispute that he was arrested in this case while on the way to turn himself in. Defendant also does not have a significant criminal history other than the prior drug conviction, and he was a jail training officer in Kansas for approximately a decade. In my opinion, he would be a candidate for conditions of release were it not for the presumption in this case, which I believe has not been rebutted.

As a result, after considering all of these factors, I conclude there is clear and convincing evidence that the Defendant is a threat to persons or the community, especially in light of the presumption of detention in this case.