IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**9.    LAWRENCE T. MARTIN**,

       Defendant.

_____

**UNOPPOSED MOTION TO RECONSIDER ORDER OF DETENTION**
_____

       Lawrence Martin, by and though his counsel, Thomas J. Hammond, moves to reconsider the order of detention entered in this case on February 15, 2012. As grounds in support of this motion, Mr. Martin states the following:

       1.    At the detention hearing, the court specifically found that Mr. Martin did not pose a risk of flight. The Court was concerned about the potential danger to the community suggested by Agent Cole based upon Agent Cole's discussions with a confidential source that Mr. Martin may have participated in an assault. There was no actual evidence to support Agent Cole's testimony and the Court acknowledged that it was a very close decision to detain Mr. Martin.

       2.    Mr. Martin has filed a Notice of Disposition. The hearing on Mr. Martin's change of plea has been set for June 25, 2012.

       3.    In the meantime, the government has had an opportunity to explore in greater detail the role that Mr. Martin played (or did not play) during the course of the government's investigation. Counsel is authorized to represent that the government

now believes that Mr. Martin voluntarily retired from the HLMC and moved to Kansas in 2011.  Further, Mr. Martin's actual role in the overall alleged criminal enterprise that is covered by the indictment in this case is much less significant than was earlier anticipated.

4. In addition, there are numerous other considerations that can now be resolved since the last time that Mr. Martin appeared in court.  One of the government's main fears at the time of the detention hearing was that confidential sources involved in the case might be threatened by one or more of the named defendants.  Mr. Martin is not among the defendants about whom counsel for the government has concerns regarding potential threats to, or influence of, any confidential sources or other witnesses at this time.

5. In fact, as the Court is aware, Mr. Martin no longer lives in Colorado. Consequently, he would have to come back to Colorado from Kansas in order to be a part of any direct threat.  There is no proof or suggestion that Mr. Martin would engage in any such conduct.  Mr. Martin's medical condition (diabetes) also dictates against him traveling to Colorado for participate in any such conduct.

6. In addition, counsel for Mr. Martin has learned that Mr. Martin's medical condition is somewhat worse in that he needs to see a cardiologist for a potential blockage in one of his arteries, and his blood sugar is increasing, and that he may need surgery.  He is scheduled for to see a diabetes specialist and a cardiologist in the next few days.

7. In an abundance of caution, however, the defense stipulates and agrees to electronic monitoring so that there are methods by which the Court can be fairly

satisfied that Mr. Martin is not secretly traveling to Colorado for any purpose other than court appearances. Mr. Martin does have a land line telephone in his home and the probation department for the District of Kansas (Wichita office) can place him on electronic monitoring and thereby track his movement until the case is resolved. The process requires that a probation officer from the District of Colorado contact the probation office in Wichita to request pre-trial services supervision and electronic monitoring. Counsel for Mr. Martin is in the process of initiating that effort.

8. 18 U.S.C. § 3142(f)(2)(B) provides that a "detention hearing may be reopened...at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community."

9. Undersigned counsel has contacted the probation department and pre-trial services for the District of Kansas in Wichita, Kansas. The probation department has the ability to set Mr. Martin up on their electronic monitoring system. The land line telephone in Mr. Martin's home has been confirmed. The probation department will send a probation officer to the home to confirm that the home is appropriate for setting up electric monitoring. Presumably, the probation department will have done everything required to initiate electronic monitoring by the time that a hearing is set on this motion. Counsel for Mr. Martin should be able to confirm that everything is ready to go, to the satisfaction of the Court and the government, by the hearing date on this motion.

10. Counsel for Mr. Martin has also contacted counsel for the government,

Guy Till, and is authorized to represent that the government does not oppose this motion, based upon the representations in this motion and upon confirmation by the probation department that Mr. Martin's home is suitable for setting up and maintaining Mr. Martin on electronic monitoring.

WHEREFORE, Mr. Martin moves to reconsider the Court's Order of detention entered on February 15, 2012, and to be released back to his home in Liberal, Kansas, with pretrial services monitoring until further order of the Court.

Respectfully submitted,

s/ Thomas J. Hammond
Thomas J. Hammond
Thomas J. Hammond, P.C.
1544 Race Street
Denver, Colorado 80206
303-321-7902
Fax: (303)329-5871
Email: hammondlaw@solucian.com

Attorney for Lawrence T. Martin

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2012, I electronically filed the foregoing **UNOPPOSED MOTION TO RECONSIDER ORDER OF DETENTION** with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to all appropriate parties in the case.

s/ Thomas J. Hammond
Thomas J. Hammond