IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-00010-MSK-09

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**09. LAWRENCE T. MARTIN,**

    **Defendant.**

---

### PLEA AGREEMENT

---

THE UNITED STATES OF AMERICA, through United States Attorney John F. Walsh, by the undersigned Assistant U.S. Attorney, hereinafter referred to as the Government, and the defendant, LAWRENCE T. MARTIN, hereinafter referred to as the defendant, personally, and by his counsel of record, THOMAS HAMMOND, Esq., submit the following Plea Agreement and Stipulation of Facts relevant to sentencing, pursuant to the provisions of Fed. R. Crim. P. 11 and D.C.COLO.LCrR 11.1.  It is the intention of the parties to resolve all pending criminal issues now known to the Government [excluding any tax issues, if any exist (none are presently known to the parties)] between the defendant and the Government through the resolution of this case.   The parties understand and agree that in the event the agreement represented herein is not accepted by the Court or is not entered into by the defendant, the Government will proceed with the prosecution of the defendant according to law, to include superseding indictment. *Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea



Court's Exhibit 1

agreement).  The offer represented by this plea agreement is withdrawn unless: (1) the defendant files a Notice of Disposition no later than March 9, 2012; and (2) withdraws or requests the court to suspend and hold in abeyance any pending pretrial motions until the Court either accepts or rejects the contemplated plea of guilty.  This plea agreement and related communications are under color of FRE 410.

## I.  AGREEMENT

A.  The defendant agrees to plead guilty to Count Thirty-Two of the Indictment (DOC 1), Using and Maintaining a Drug-Involved Premises and Intentionally Aiding and Abetting the same, returned against him in this matter.

B.   In exchange for his plea of guilty to Count Thirty-Two, the Government agrees to file a motion to dismiss the remaining counts of the Indictment and any superseding indictment in this case as to the defendant, to be effective after the Court accepts the defendant's plea of guilty.

C.  The parties understand the U.S. Sentencing Guidelines are advisory in nature and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. Section 3553.  By agreement, the Government will be asking for a sentence within the framework of the Sentencing Guidelines. The defendant and the Government reserve full rights to contribute or to object to the process setting the applicable Guidelines range.  The Government may file pleadings, present argument or offer evidence if the Government believes it is in the best interest of justice to respond to defense representations and argument or if the Government is of the opinion that an error has been made by the Probation Department or the Court in determining the appropriate Guidelines range.

D. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 13 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

E. In consideration of the defendant's plea of guilty and the imposition of sentence on said Count Thirty-Two, the Government agrees to recommend the full adjustment for acceptance of responsibility. Because the defendant timely filed his notice of disposition and effectively withdrew and withheld any pretrial motions, the Government further agrees

to recommend a sentence at the bottom of the applicable sentencing guidelines range as determined by the Court.

F. In consideration of the defendant's withholding any pretrial motions, his plea of guilty and the imposition of sentence pursuant to said plea, the Government agrees to recommend the full adjustment for acceptance of responsibility.

G. The parties understand the U.S. Sentencing Guidelines are advisory in nature and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. Section 3553.

## II. ELEMENTS OF THE OFFENSE

A. With respect to Count Thirty-Two of the Indictment, Using and Maintaining a Drug-Involved Premises and Intentionally Aiding and Abetting the same, Title 21 U.S.C.§ 856, the defendant admits the following elements of the crime charged:

(1) On or about October 30, 2010 ;

(2) within the State and District of Colorado;

(3) the defendant;

(4) intentionally aided and abetted members and officers of the Colorado Chapter of Hell's Lovers Motorcycle Club (HLMC) to maintain and use a drug involved premises by knowingly serving as president of the Colorado Chapter and participating as a "fully patched" and "christened" HLMC member, and by visiting and patronizing the premises of the Hell's Lover's Motorcycle Club clubhouse;

(5) then knowing said clubhouse was routinely and repeatedly used by a number of persons as a location for consuming marijuana and cocaine;

(6) marijuana being a Schedule I controlled substance and cocaine being a

4

Schedule II controlled substance.

### III. STATUTORY PENALTIES

A. The maximum statutory penalty for the offense charged in Count Thirty-Two is not more than 20 years imprisonment, a fine of up to $500,000.00, or both; a term of supervised release of not more than 3 years following any period of imprisonment; and a $100.00 special assessment. Count Thirty-Two charges the defendant with a Class C felony. Title 18 U.S.C. Section 3559(a).

B. If probation or a period of supervised release is imposed on a defendant, if the defendant violates a condition or probation or supervised release the Court may impose a period of imprisonment based on such violation. A period of imprisonment imposed due to a violation may be followed by an additional period of supervised release.

### IV. COLLATERAL CONSEQUENCES

A federal felony conviction may have substantial consequences for a person's civil rights and abilities, such as the ability to qualify for certain professional licenses, the right to own, use, or carry a firearm, the right to hold elected office, the right to serve on a jury, or the right to vote during a period of confinement or supervised release.

### V. STIPULATION OF FACTS

A. The parties agree there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offenses of conviction, consider relevant offense conduct, and consider other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to these considerations and computations. To the extent the parties disagree about the

facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement,

B. This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

C. The specific time frame for this defendant with respect to Count Thirty-Two is October 2010. The parties stipulate and agree the Government's evidence at trial would establish the following as to Count Thirty-Two:

(1) Between January 2005 and January 2012, as witnessed in part by an ATF undercover Special Agent (UC) and a number of confidential human sources of information (CIs) working with law enforcement, on Friday and Saturday nights of the average week, the premises informally known as the Hell's Lovers Motorcycle Club (HLMC) clubhouse, located in the Denver metropolitan area, within the District of Colorado, would be the scene of gatherings where HLMC members and visitors consumed and shared Marijuana and cocaine. The HLMC clubhouse was the scene of cocaine or Marijuana consumption by 30 to 40 persons on any given Thursday, Friday or Saturday night for approximately 40 weeks out of the average year.

(2) On or about October 30, 2010, the routine and repeated use of Marijuana and cocaine at the HLMC clubhouse was known to the defendant. The clubhouse was operated under the direction of the HLMC "christened members" and the officers of the Colorado chapter of the HLMC. The defendant knew Marijuana was shared and used routinely and regularly at the HLMC clubhouse. The defendant used Marijuana at the

clubhouse. The defendant was a "christened" member of HLMC and president of the Colorado Chapter of HLMC. By serving as president and by visiting and patronizing the clubhouse, the defendant intentionally aided and abetted the HLMC Colorado Chapter "christened" members and officers to maintain the HLMC clubhouse as a place where marijuana and cocaine were routinely shared and consumed.

(3) The HLMC clubhouse was supported and maintained by profits from sales of refreshments and by dues paid by active members of the HLMC, including fully patched and "christened" members, probationary members, prospective members, and "property of" female associates. Clubhouse expenses such as rent and utilities were paid by the HLMC Chapter Treasurer using HLMC funds collected from the sales of beverages and dues paid by the members and associates.

(4) For purposes of relevant offense conduct, the parties stipulate the quantity of cocaine shared and consumed at the HLMC clubhouse in October 2010 was less than 20 grams of cocaine mixture and substance and the amount of marijuana shared and consumed at the HLMC clubhouse was less than 1 kilogram of marijuana.

C. The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or evidence which a party believes relevant to sentencing. Further, the Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that will be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See §1B1.4, U.S.S.G.

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

A. The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies which matters are in dispute. The defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, the defendant agrees this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offenses

B. The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department, is a prediction, not a promise, and is not binding upon the Government, the Probation Department or the Court. The defendant understands and agrees he may not withdraw his pleas solely as a result of the sentence imposed.

C. The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' calculations in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under § 6B1.4 of the Guidelines:

(1) The government asserts and the parties stipulate the offense level for Count Thirty-Two is **12** under Section 2D1.8(a)(1) and 2D1.1(14)(less than 25 grams of cocaine).

(2) The parties stipulate there are no victim-related or obstruction adjustments. The parties agree the defendant relocated his home to Kansas and left the Colorado Chapter of HLMC voluntarily sometime in the Fall of 2011. The defendant was awarded an HLMC "Lifer" patch in 2011 shortly before his departure from Colorado. The Government opposes any downward adjustment for role in the offense as defined in the offense of conviction. The Government submits the defendant may be subject to an upward adjustment for role in the offense for leadership. The defendant will argue against any upward adjustment for role in the offense of conviction.

(3) The Government is not submitting evidence that possession of any specific firearm was involved at the HLMC clubhouse in October 2010.

(4) Provided the defendant files his notice of disposition by the deadline indicated above and withdraws or withholds his pretrial motions, the Government joins in the defendant's request that he receive the full two level (or three levels if the base offense level is above 16) acceptance of responsibility decrease under §3E1.1(a) and (b). If granted, according to the Government's calculations, the adjusted offense level would be **10**.

(5) The defendant has a 1986 Colorado State felony conviction In Jefferson County District Court Case No. 1986cr000918 for Criminal Attempt to Distribute a Controlled Substance; the defendant was sentenced to three years probation with conditions including 30 days of confinement on weekends in November 1986. The defendant's felony conviction appears to be too old to be counted by the Guidelines for Criminal History determination. Government estimates the defendant qualifies for Criminal History Category I. The parties understand and agree the Government's estimate regarding the defendant's criminal history category is a projection, and the final criminal history category will be determined by the Court following a review of the pre-sentencing investigation report. The defendant understands and agrees this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category. The defendant reserves the right to argue for a lower criminal history determination. The defendant reserves the right to ask the court to depart from the guidelines determination of his criminal history category. The Government may file a response to a motion for a departure or a variant sentence.

(6) The defendant may not be eligible for "safety valve" consideration because he may have more than one Criminal History point, has not debriefed with the Government as required, and was president of the Colorado Chapter of the HLMC. Section 5C1.2.

## GUIDELINES PREDICTION

(D)  The Guidelines' sentencing range for Count Thirty-Two, resulting from an adjusted offense level of **10**, Criminal History Category I, is a Zone C sentence with a term of imprisonment of 6-12 months. The maximum guideline range for Level 10, Criminal History Category VI, is a term of imprisonment of 24-30 months. The parties understand the Sentencing Guidelines are merely advisory to the Court and understand the Court will impose a sentence in its sound discretion and in accordance with factors in Title 18 U.S.C. Section 3553. The Court may impose a sentence up to the statutory maximum provided by law.

(E)  Pursuant to §5E1.2, the range of a fine for offense level 10 for the offense of conviction is $2,000.00 to $20,000.00.

(F)  In the event of conviction and imprisonment, the defendant is subject to the imposition of a term of supervised release of not more than 3 years and a mandatory special assessment of $100 per count of conviction.

(G)  The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

(H)  No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties

regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. §3553 factors.

(l)   The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurance, express or implied.  In entering this agreement, neither the government nor the defendant

has relied, or is relying, on any terms, promises, conditions, or assurance not expressly stated in this agreement.

Date: 6-24-12    By: _____
                 THOMAS HAMMOND, ESQ.
                 ATTORNEY FOR DEFENDANT MARTIN


Date: 06-24-12   By: _____
                 LAWRENCE T. MARTIN
                 DEFENDANT


Date: 25 JNE 12  By: _____
                 GUY TILL
                 ASSISTANT U.S. ATTORNEY


N:\HLMC_Martin_PLEA_AGREEMENT_22_June_Template.wpd