IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LAWRENCE MARTIN,

        Defendant.

_____

**MOTION FOR BELOW GUIDELINE SENTENCE**
_____

        COMES NOW, Lawrence Martin, by and through his attorney, Thomas J. Hammond, and moves for a non-guideline sentence. In support of this motion, Mr. Martin states the following:

        1.      The Pre-Sentence report places Mr. Martin in sentencing range of six to twelve months in custody. Pursuant to statute, Mr. Martin is eligible for probation (PSR, page 16, paragraph 86). Under a guideline analysis, the Court may sentence Mr. Martin to a term of probation, but the probationary term must be combined with some sort of custodial sentence amounting to six months (PSR, page 16, paragraph 87).

        2.      The Pre-Sentence Report also notes that Mr. Martin has spent sixty-five days in pre-trial detention at the Federal Detention Center (PSR, page 1). After Mr. Martin was released from custody on bond, on March 29, 2012, he was placed on pre-trial supervision. The conditions of pre-trial supervision included electronic home monitoring, a recognized form of custody (PSR, page 3, paragraphs 4-6). However, Mr. Martin does not receive any credit for the time he has spent on in-home detention prior

to sentencing. If he did receive credit for the time on electronic monitoring since March 29, 2012 (172 days as of September 17, 2012), combined with the 65 days he spent in custody at the Federal Detention Center, he would have fulfilled the Guideline requirement of "a condition that substitutes intermittent confinement, community confinement, or home detention (which may include electronic monitoring) for at least 6 months..." (PSR, page 16, paragraph 87).

3. At the time that the indictment in this case was issued, Mr. Martin had retired from the Hells Lover's motorcycle club, and he had moved from Colorado to Liberal, Kansas. This Court is well aware of the facts of this case and therefore is aware that Mr. Martin is one of the least culpable defendants charged in that he did not possess any weapons, he was not involved in the possession and distribution of any controlled substances, and was not involved in any threats against anyone who might be considered a cooperating witness.

4. As reflected in the Pre-Sentence Report, Mr. Martin has been compliant with all of the terms of his pre-trial supervision. He is currently employed.

5. Mr. Martin also suffers from a number of medical issues, the most important being diabetes and high blood pressure. When Mr. Martin was in custody at the Federal Detention Center, BOP officials did try to accommodate his medical (prescriptions) and dietary needs. Although the prescription medication issues were addressed appropriately, the dietary restrictions were not and, as a result, Mr. Martin did not fare as well as one would expect. He did not require hospitalization, but there were days that he had to decide whether or not to eat high sugar and highly processed food or choose not to eat anything more a few pieces of fruit and vegetables

Given the totality of circumstances, Mr. Martin moves for a below guideline sentence. The request for a sentence below the guideline sentence noted in the Pre-Sentence Report is not that far out of place from the guideline calculation. Mr. Martin has essentially completed the custody/confinement requirements of a guideline sentence, except that his credit for his time on pre-trial monitoring is not recognized in a guideline analysis. Given his relatively insignificant involvement in the case compared to other co-defendants and his medical issues, it appears that Mr. Martin does not require the amount of supervision or punishment that others might. In addition, Mr. Martin has some very serious health issues that are bettered addressed outside of the custodial context.

Mr. Martin entered a guilty plea to using and maintaining a drug-involved premises. Although there is no allegation that he used drugs at the Hell's Lovers clubhouse, there was a period of time in which Mr. Martin was the president of the club and therefore knew or should have know that other members used marijuana and cocaine. He has admitted his offense conduct.

A sentence to probation, with the recognition that Mr. Martin has spent 65 days in the federal detention center and an additional 172 days on electronic monitoring, is sufficient to promote respect for the law and provides sufficient punishment. Mr. Martin is 54 years old. He has left the Hell's Lovers motorcycle club. He now lives in Liberal, Kansas with his wife and his main goal outside of work is to take his grandchildren fishing. Although Mr. Martin has a prior drug related conviction, that occurred in 1986. He worked for a number of years for the Seward County, Kansas sheriffs department as a corrections officer. These facts, combined with the medical issues addressed in the

Pre-Sentence Report indicate that a term of probation combined with the confinement that already occurred afford adequate deterrence and is sufficient to protect the public. Such a sentence is sufficient, but not greater than necessary to comply with the goals and requirements of 18 U.S.C. §3553.

WHEREFORE, Mr. Martin moves for a below guideline sentence in this case. Specifically, Mr. Martin moves for a one year period of probation with no additional confinement requirement.

Respectfully submitted,

s/ Thomas J. Hammond
Thomas J. Hammond
Thomas J. Hammond, P.C.
1544 Race Street
Denver, Colorado 80206
303-321-7902
Fax: (303)329-5871
Email: hammondlaw@solucian.com

Attorney for Lawrence Martin

### CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2012, I electronically filed the foregoing **MOTION FOR NON-GUIDELINE SENTENCE** with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following e-mail addresses:

Guy Till, Esq.
Guy.Till@usdoj.gov

s/ Thomas J. Hammond
Thomas J. Hammond