IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LAWRENCE T. MARTIN,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing: Order)

_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 3:31 p.m., on the 17th day of September, 2012, in Courtroom A901, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

    THOMAS HAMMOND, Attorney at Law, 1544 Race Street, Denver, Colorado, 80206 , appearing for the defendant.

        THERESE LINDBLOM, Official Reporter
        901 19th Street, Denver, Colorado 80294
    Proceedings Reported by Mechanical Stenography
      Transcription Produced via Computer

1          (The following proceedings were had and entered of
2    record after the Court heard the arguments of counsel and
3    statement of defendant:)
4          *THE COURT:*  Thank you.  Imposition of a sentence in a
5    federal criminal case is governed by a number of statutes.  The
6    umbrella statute is 18 U.S.C. Section 3553.  In imposing
7    sentence in this case, as in all cases, I'm required to
8    consider the objectives and the factors that are set forth in
9    that statute.  The statute requires that the sentence be
10   sufficient but not greater than necessary to satisfy particular
11   objectives, so the sentence must reflect the seriousness of the
12   offense, promote respect for the law, provide just punishment,
13   adequately deter criminal conduct, protect the public from
14   further crimes by the defendant, provide the defendant with
15   needed educational or vocational training, medical care, or
16   other correctional treatment in the most effective manner.
17          To fashion a sentence that meets these objectives, the
18   statute tells me what factors I can consider:  The nature and
19   circumstances of the offense, the history and characteristics
20   of the defendant, the kinds of sentences that are available,
21   the sentence prescribed by the federal sentencing guidelines,
22   and the need to avoid unwarranted sentence disparities among
23   defendants with similar records found guilty of similar
24   conduct.  In the appropriate case, I'd also consider
25   restitution.

1     I indicated at the beginning of this hearing the
2  documents that I have studied in order to prepare for the
3  hearing.  I've confirmed with counsel that they have had an
4  opportunity to look at those, that there aren't any others that
5  I should be considering, that there is no factual dispute with
6  the contents of the presentence investigation report other than
7  the typographical error that was identified at the beginning of
8  this hearing, that there is no dispute as to the calculation
9  under the guidelines as set forth in the report.  The only
10 question that is before the Court is whether a guideline
11 sentence or a non-guideline sentence should be imposed, and
12 I've heard argument with regard to that.  I've also heard in
13 those arguments, argument as to what kind of sentence is
14 appropriate and what I should be considering with regard to
15 imposition of a sentence.
16    The first step in calculating what sentence is
17 appropriate is to engage in the calculation under the
18 guidelines.  And as I indicated, there is no dispute as to
19 that.  What the presentence report provides is that the Base
20 Offense Level for violation of 21 U.S.C. Section 856(a)(1) and
21 (2) and (B) is set by Section 2D1.8(a)(1) of the guidelines.
22 And, again, we have another typographical error in that section
23 of the presentence report, and I'll ask our probation officer
24 to correct it.
25    Because the type and amount of drugs involved in this

 1   offense was less than 25-grams of cocaine, the Base Offense
 2   Level is 12, in accordance with Section 2D1.1(c)(4).  There are
 3   no specific offense characteristics, victim-related
 4   adjustments, adjustments in the role of the offense,
 5   adjustments for obstruction of justice; therefore, the adjusted
 6   offense level is 12.  There is a downward adjustment for
 7   Mr. Martin's acceptance of responsibility in accordance with
 8   Section 3E1.1(a), and that results in a Total Offense Level of
 9   10.
10          There is no disagreement between the parties that
11   Mr. Martin has a criminal history calculation of zero criminal
12   history points.  That puts him in a Criminal History Category
13   of I, which is the lowest Criminal History Category under the
14   federal sentencing guidelines.  The only conviction he has that
15   might have at an earlier point in time resulted in criminal
16   history points is a conviction in 1986, which is so old that no
17   points are assigned to it.
18          With a criminal history category of I and a -- an
19   offense level of 10, the guidelines recommend incarceration of
20   6 to 10 months, supervised release of 1 to 3 years.
21   Alternatively, there can be a period of probation of 1 to 5
22   years, a fine of 2,000 to $20,000, and there is a statutory
23   requirement of a special assessment of $100 for the count of
24   conviction.
25          Working backwards through the calculation, I intend to

 1   impose a special assessment of $100.  I do not intend to impose
 2   a fine, finding that the defendant lacks the ability to pay a
 3   fine.
 4           With regard to the question of probation, supervised
 5   release, and a custodial term, I find the following:
 6           The only sentencing objective -- objectives that
 7   warrant any further sentence as far as I'm concerned are the
 8   sentencing objectives designed to promote respect for the law
 9   and to deter criminal conduct.  Mr. Martin was involved in an
10   organization that was engaged in illegal activity.  He was the
11   president of that organization.  Beyond being the president of
12   that organization, however, there are no facts before me that
13   suggest he did anything illegal.  And, indeed, he is only --
14   his only conviction is some 26 years old -- actually, it's a
15   little longer than that.
16           He's been on supervised release -- he's been on
17   supervision, pretrial supervision, for the entire period of
18   this case after he was released on bond.  He's complied with
19   all of the requirements on his pretrial supervision, he's been
20   on electronic detention, and it does not appear to me that
21   further incarceration serves any useful purpose.  I do not
22   intend to impose a guideline sentence.  I intend to impose, as
23   is requested, a probationary sentence, but probation only for a
24   one-year period, not a three-year period, as recommended by the
25   probation office.

1       And I do so in light of the fact that Mr. Martin has
2  voluntarily separated himself from the organization in which he
3  was the president, he's not engaged in any illegal conduct
4  that's been brought to my attention, he's complied with every
5  restriction that has been placed on him, and that sentence
6  would constitute a sentence that is sufficient but not greater
7  than necessary to satisfy the statutory objectives.
8       Any need for clarification, further explanation, or a
9  request for a continuance because I may have touched on an
10  issue that you haven't had adequate opportunity to address?
11       *MR. TILL:* Your Honor, I just have a question.  Is
12  that probation with any kind of home confinement or just
13  regular probation?
14       *THE COURT:* Regular probation.
15       *MR. TILL:* All right, thank you.
16       *MR. HAMMOND:* Your Honor, on behalf of Mr. Martin, we
17  have no need for further clarification.
18       *THE COURT:* All right.  Thank you.
19       Then pursuant to the Sentencing Reform Act of 1984, it
20  is the judgment of the Court that the defendant, Lawrence T.
21  Martin, be sentenced to a term of probation for a period of 1
22  year.  Standard conditions on probationary term will apply, but
23  there will be no home detention or electronic monitoring.
24       Mr. Martin will not commit another federal, state, or
25  local crime.  He will not possess a firearm as defined in 18

1  U.S.C. Section 921.  He'll comply with the standard conditions
2  that have been adopted by the Court:  He will not unlawfully
3  possess a controlled substance, he will refrain from any
4  unlawful use of a controlled substance, he will submit to at
5  least one drug test within 15 days of release on probation and
6  two periodic tests thereafter, he'll cooperate in the
7  collection of DNA.  Having found that he lacks the ability to
8  pay a fine, none is imposed.  He will, however, pay a special
9  assessment of $100, which is due immediately.
10             And pursuant to Rule 32.2 of the Federal Rules of
11 Criminal Procedure, to the extent that there is a restitution
12 request, which I'm not sure of at this juncture --
13             *MR. TILL:*  There is no restitution request, Your
14 Honor.
15             *THE COURT:* Okay.  Thank you.
16             Then the bond conditions are lifted effective today,
17 and the Probation Department is directed to disconnect the
18 electronic monitoring as soon as possible.
19             Is there any further issue to bring before the Court?
20             *MR. TILL:*  No, Your Honor.
21             *MR. HAMMOND:*  Not on behalf of Mr. Martin, Your Honor,
22 thank you.
23             *THE COURT:*  Thank you, Mr. Till.  Thank you,
24 Mr. Hammond.  Thank you to our probation officers and to our
25 court staff and our marshal staff.  That will conclude this

```
1  matter.  We'll stand in recess.

2          (Recess at 4:05 p.m.)

3                REPORTER'S CERTIFICATE

4

5      I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.
6

7      Dated at Denver, Colorado, this 18th day of September,

8  2012.

9                                    s/Therese Lindblom

10                                 _____
                                   Therese Lindblom,CSR,RMR,CRR
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```